# Olmsted's Appeal.

A court of equity has no jurisdiction to enjoin proceedings of the Commonwealth to have an escheat of an estate declared, where, if the escheat should be found by the inquest, every question presented could be decided upon a traverse.

February 13th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Appeal from the Court of Common Pleas, No. 3, of *Philadelphia county:* In equity. Of January Term 1878, No. 134.

Bill in equity, filed by William E. Naile, against Henry C. Olmsted and George N. Watson, which set forth that Henry Sell, being seised in fee of certain real estate, died on May 18th 1842, leaving a will dated November 2d 1841, with two codicils, dated respectively, November 2d 1841, and April 29th 1842, which were duly admitted to probate. By this will and codicils he devised certain real estate to a trustee, to pay the income to certain parties for life, and upon their death to sell and divide the proceeds among his surviving brothers and sisters and the issue of any deceased. By the second codicil, the testator revoked the bequest in remainder to his brother Charles, and directed that the share intended for him should be given to the testator's adopted daughter, Cecilia Erben. Henry Sell left surviving him seven brothers and sisters, who are still living. Cecilia Erben died July 26th 1852, a minor, intestate, unmarried and without issue. The last of those having a life interest in the real estate before referred to, died October 20th 1876, and thereupon the trustee sold the real estate as directed in the will of Henry Sell, and has filed his account as trustee, accounting for the proceeds in the Orphans' Court, where it now remains unadjudicated. On May 9th 1877, the defendant, George N. Watson, filed with the auditor-general an information, alleging the death of Cecilia Erben, intestate and without known kindred, upon which information a commission has issued to the defendant, Henry C. Olmsted, as deputy escheator, under which he was about to proceed according to law.

The bill charged that the Commonwealth has no right whatever to the said estate as escheated :—

1. Because more than twenty-one years elapsed between the death of Cecilia Erben and the beginning of the proceedings for an escheat.

2. Because there is no adequate provision made by law for the escheat of the said property, the same being an interest held in trust.

The bill prayed for an injunction to restrain the defendants from further proceedings in the escheat.

The defendants, in their answer, admitted the facts alleged in the bill, but denied the right of the plaintiff to the relief prayed for:

1st. Because, although true that more than twenty-one years elapsed between the death of the said Cecilia Erben and the commencement of any proceeding or inquisition for an escheat, the interest of the said Cecilia Erben, in the property described in the bill, did not vest in her until the 20th day of October 1876.

2. Because it appears, from the bill of complaint, that the interest of the said Cecilia Erben, upon the 20th day of October 1876, became a vested interest, freed and discharged from all trusts whatsoever.

3d. That by the Act of Assembly of 29th of September 1787, and other acts relating to escheats, adequate provision is made for the escheat of the said interest of the said Cecilia Erben, in the property described in the bill.

After hearing upon bill and answer, the court below, Ludlow, P. J., delivered the following opinion:—

"It seems to us that the proceedings to escheat the estate of Cecilia Erben are premature.

"The trustee under the will of Henry Sell, deceased. has filed his account in the Orphans' Court of this county, and the said account now remains in that tribunal, subject to its jurisdiction and decree. It is impossible for us now to say what distribution that tribunal may make of a portion of the fund now in the hands of this trustee; indeed we do not know what the condition of the fund is, or what course may be taken in relation to the final distribution of the whole estate.

"Apart from the difficulties pointed out by the court in West's Appeal, 14 P. F. Smith 195, where a trust estate does in fact escheat, we prefer to restrain the defendants in this bill until at least the cause has been disposed of by the Orphans' Court of the county.

"Injunction continued until further order of the court."

This decree was assigned for error by the defendants.

*R. C. Dale* and *H. C. Olmsted*, for appellants.—Admitting that the Commonwealth will never be entitled to recover any of the fund now in the custody of the trustee, it does not follow that an injunction can be properly granted restraining the Commonwealth from proceeding to establish an escheat of the estate of Cecilia Erben. The finding of the inquest in favor of the Commonwealth will not conclude the plaintiff from contesting any subsequent proceeding taken on behalf of the state to obtain the fund from him; it will

[Olmsted's Appeal.]

only place the Commonwealth in a position where she will be entitled to be a party to proceedings to test her right to this particular fund. As the finding of the inquest in favor of the Commonwealth can do the trustee no irreparable harm, he has no equity upon which to ask for this injunction. It is to be noticed that this case is entirely distinguishable from West's Appeal, 14 P. F. Smith 186, and West *v.* Pennsylvania Railroad Co., Id. 195; in that in these the plaintiff's equity consisted in the fact that these proceedings for an escheat were calculated greatly to injure the credit of the Savings Fund, and that as the depositors were a class of persons easily alarmed, irreparable injury would ensue if a panic once seized them. This was the equity upon which that case rested, and was clearly sufficient in a case where it was manifest that the proceedings for an escheat would result in nothing to sustain the injunction. But as no such equity exists in this case, entirely apart from the general merits of the Commonwealth's case, the granting of this injunction was erroneous.

*Alfred I. Phillips* and *E. Coppee Mitchell,* for appellee.—It is true that the trust is no longer active, and any one who can establish a right to Cecelia Erben's interest could demand the money, and sue for it, in a common-law action; but until some one so steps in, the trust has enough life in it to keep the trustee under the jurisdiction of the Orphans' Court. He is still liable to be surcharged for neglect or mismanagement, and must account to the true owner, whoever it may be, and, until such owner is found, may be deemed to hold the legal title for the purpose of protecting the fund. There is no certain knowledge that Cecilia Erben has not some heirs or kindred who might now claim, and who should not be bound by the proceeding under the Act of 1787, and it was for this protection of a possible unknown owner that the court held the Act of 1869, providing for the escheat of trust estates, inoperative, in the cases of West's Appeal, and West *v.* Pennsylvania Railroad Co., *supra;* and precisely the same difficulties as to possession which apply in attempting to escheat a remainder, are also applicable to the escheat of a cestui que trust's interest.

Mr. Justice SHARSWOOD delivered the opinion of the court, March 18th 1878.

This was heard at first as an appeal from a preliminary injunction in the court below, and we sustained the appeal and ordered the injunction to be dissolved. Since then the parties have agreed by writing filed that the decree below was a decree made upon final hearing upon bill and answer, and we are requested to make a final disposition of the case.

We are of the opinion that the complainant below showed no ground for the interposition of a court of equity to enjoin the pro-

[Olmsted's Appeal.]

ceeding of the Commonwealth to have an escheat declared of the estate of Cecilia Erben. Admitting all that is alleged that she did not die seised or possessed of any estate, or that if she did, that the lapse of more than twenty-one years since her death bars the proceeding under the Act of December 16th 1869, Pamph. L. 1870, p. 1372, there is nothing in all this to confer jurisdiction upon a court of equity. The complainant invokes no special equity—he alleges no irreparable damage. Upon the same principle as contended for in this case, every suitor in a court of common law could be enjoined, and every case, at the option of the defendant, drawn into a court of equity. If the escheat should be found by the inquest, every question here presented could be decided upon a traverse.

West's Appeal, 14 P. F. Smith 186, and West v. Penn. Railroad Co., Id. 195, were entirely different. It was there held that the funds attempted to be reached by the proceedings were not within the purview of the Acts of Assembly relating to escheats, and that the proceedings were illegal both in their object and mode. Besides, danger of irreparable damage to both the institutions interested was manifest.

Decree reversed, and now bill dismissed with costs.